IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| MARK MARTIN, ET AL, *Plaintiffs*, | CIVIL ACTION No. 6:12-CV-00060 |
| v. | <u>MEMORANDUM OPINION</u> |
| CHRYSLER GROUP, LLC, *Defendant*. | NORMAN K. MOON<br>UNITED STATES DISTRICT JUDGE |

    Plaintiffs filed suit in the General District Court for the City of Lynchburg, Virginia alleging the breach of a service contract issued in connection with Plaintiff's May 2007 purchase of a 2007 Chrysler 300. Defendant removed the matter to this court on the ground that it "is a civil proceeding arising under or arising in Title 11 of the United States Code, the United States Bankruptcy Code."[1] Plaintiffs filed a "motion to remand action to Lynchburg General District Court and abstain from these proceedings." Defendant filed a response in opposition to Plaintiffs' motion, and Defendant contemporaneously filed a motion to transfer the matter to the United States Bankruptcy Court for the Southern District of New York. Plaintiffs have not filed a response to Defendant's motion or a reply to Defendant's opposition, and neither party has requested a hearing on the pending motions.[2] For the reasons stated herein, I will deny

---

[1] The named Defendant did not exist until after Plaintiffs purchased the vehicle, which was manufactured and warranted by bankrupt Debtors, substantially all of whose assets and certain liabilities were assumed by the named Defendant pursuant to the terms of a Sale Order entered by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). In the Sale Order, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of the Sale Order, "including to . . . protect the Purchaser against any Claims . . . ."

[2] Local Civil Rule 11(b), "**Determination of Motions**," provides that

    [t]he moving party is responsible either to set a motion for hearing or to advise the Court that

(continued...)

Plaintiffs' motion, and I will grant Defendant's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs' motion states the following background information (citations to exhibits omitted):

> Chrysler Financial Services Americas LLC filed a warrant in debt in the Lynchburg General District Court against the Plaintiffs on May 9, 2012, alleging an "Auto Deficiency" . . . . Chrysler Financial Services Americas LLC sued Mark and David Martin for $10,959.26 with interest, costs and attorney's fees. The Plaintiffs filed a warrant in debt against the Defendant on July 25, 2012, in the Lynchburg General District Court . . . alleging a breach of warranty . . . . The Plaintiffs sued Chrysler Group LLC for $14,993.07, which represents the principal sum sued for in the first case, plus attorney's fees, costs, and interest as requested therein. The Deputy Clerk of the Lynchburg General District Court . . . issued a summons to the Defendant to appear before the Lynchburg General District Court on August 29, 2012, at 1:30 PM.
>
> On the 1st day of August, 2012, the Defendant was personally served through its registered agent . . . . On July 27, 20[12], the Plaintiff filed a motion to consolidate the two actions . . . and to order a bills of particulars and grounds of defense for each respective party. . . . [C]ounsel for Chrysler Group LLC[] was served with the motion. On August 23, 2012, the Plaintiff filed a notice of hearing referencing the motion for pleadings, the motion to consolidate, and a motion for a

---

[2](...continued)
    all parties agree to submission of the motion without a hearing. The non-moving party also may arrange for a hearing. All hearings are to be at a date and time obtained from and scheduled by the Court. Unless otherwise ordered, a motion is deemed withdrawn if the movant does not set it for hearing (or arrange to submit it without a hearing) within 60 days after the date on which the motion is filed. In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.

W.D. Va. Civ. R. 11(b). In this case, the 60-day period has expired. However, this court's Local Civil Rules were adopted in accordance with Rule 83(a) of the Federal Rules of Civil Procedure, and in another context the Supreme Court of the United States has stated that "[i]t is . . . entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities." *Foman v. Davis*, 371 U.S. 178, 181 (1962); *see also* W.D. Va. Standing Order No. 2010-2 (March 9, 2010) (adopting Local Rules in accordance with, *inter alia*, Fed. R. Civ. P. 83(a)); *Michael v. Sentara Health Sys.*, 939 F. Supp. 1220, 1225 n. 3 (E.D. Va. 1996) ("the application of the local rules is within the discretion of the Court").

    Accordingly, I will not deem the instant motion withdrawn, and I will "determine [the] motion without an oral hearing." Fed. R. Civ. P. 78(b).

continuance. . . . [C]ounsel for Chrysler Group LLC[] was served with the motion. On August 29, 2012, counsel for the Defendant consented to the Plaintiff's motion, appeared in Lynchburg General District Court, and endorsed an order to that effect and continuing the case until November 7, 2012 . . . .

On September 19, 2012, Chrysler Financial Services Americas LLC filed a Bill of Particulars and served it upon the Plaintiffs and the Defendant, Chrysler Group LLC, as ordered by the Consent Order signed by all counsel of record. On September 19, 2012, the Plaintiffs filed a Bill of Particulars and served it upon the Defendant, Chrysler Group LLC, and Plaintiff, Chrysler Financial Services Americas LLC. On September 24, 2012, new counsel . . . appeared on behalf of Chrysler Group LLC . . . .

On October 4, 2012, the Plaintiffs filed a Grounds of Defense responsive to Chrysler Financial Services Americas LLC Bill of Particulars. On October 9, 2012, the Defendant, Chrysler Group LLC, filed Grounds of Defense in the present matter asserting a federal defense as an affirmative defense to the breach of contract/warranty claim filed in Lynchburg General District Court.

Then, on October 18, 2012, the Defendant, Chrysler Group LLC, filed a Notice of Filing of Removal in Lynchburg General District Court and, in the District Court for the Western District of Virginia – Lynchburg Division, a Notice of Removal along with corresponding documentation.

Defendant emphasizes other facts. As set forth in Defendant's notice of removal, the manufacturer of the vehicle that is the subject of Plaintiffs' state court action, Chrysler LLC (subsequently referred to as "Old Carco LLC"), and 24 of its affiliated entities (collectively, the "Debtors") filed for bankruptcy protection on April 30, 2009, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). *See In re Old Carco LLC*, 492 B.R. 392, 396 (Bkrtcy. S.D. N.Y. 2013) (reviewing the "well-publicized" history and transactions of Case No. 09-50002). Pursuant to the June 1, 2009, "Sale Order" entered by the Bankruptcy Court, Chrysler Group purchased substantially all of the assets of the Debtors and assumed certain limited liabilities of the Debtors. *Id*. at 394. Furthermore, in the final paragraph of the Sale Order, the Bankruptcy Court expressly retained jurisdiction "to interpret, implement and enforce the terms and provisions" of the Sale Order "including to . . . protect the Purchaser

[*i.e.*, Chrysler Group, LLC, the Defendant in this case] against any Claims . . . ."

Plaintiffs' claim for breach of service contract against Chrysler Group was first asserted in the Bill of Particulars they served on Defendant on September 19, 2012. Plaintiffs' claim is based upon a service contract issued by the Debtors in connection with Plaintiffs' May 26, 2007, purchase of a 2007 Chrysler 300. However, as Defendant points out, Chrysler Group is not the manufacturer, warrantor or seller of the subject vehicle and is not a party to the service contract upon which Plaintiffs' claims are based, as Chrysler Group did not exist at the time Plaintiffs purchased the vehicle and service contract.[3] Indeed, Plaintiffs' Bill of Particulars states that their claim is based upon a theory that Chrysler Group assumed liability from the Debtors for Plaintiffs' claim. Chrysler Group, however, disputes that it assumed liability under the Sale Order (and an underlying Master Transaction Agreement) for the claims asserted by Plaintiffs. Therefore, Chrysler Group removed the matter to this court and has now moved to transfer the matter to the Bankruptcy Court so that the Bankruptcy Court may exercise its exclusive jurisdiction to interpret and enforce the terms of the Sale Order and to determine whether Chrysler Group assumed liability for the claims asserted by Plaintiff herein.

---

[3] The face of the service contract indicates that the issuing entity of the service contract is the bankrupt Debtor, Chrysler Service Contracts, Inc., formerly known as DaimlerChrysler Service Contracts, Inc., and subsequently known as Old Carco Service Contracts, Inc.
    At Defendant's request, I take judicial notice that Chrysler Group was not formed until April 28, 2009. *See* Chrysler Group LLC, Entity Details, Delaware Department of State, Division of Corporation, attached as Exhibit "E" to Defendant's Motion to Transfer (listing the formation date of Chrysler Group LLC as April 28, 2009); *see also* Federal Rules of Evidence, Rule 201(b)(2) (courts may take judicial notice of a fact "that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned").

## II. PLAINTIFFS' MOTION

### *A. Timeliness of Removal*

Plaintiffs argue that, pursuant to 28 U.S.C. § 1446, Defendant was required to remove this matter within 30 days from receipt of the "initial pleading." However, the removal of this action is governed by 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, not 28 U.S.C. § 1446, and pursuant to 28 U.S.C. § 1452, removal here was timely.

Section 1452(a) of title 28 of the United States Code governs the removal of matters that are based upon jurisdiction under 28 U.S.C. § 1334. *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 658, n. 1 (4th Cir. 1985) ("The statutory requirements for the removal of state court actions related to bankruptcy cases are now contained in 28 U.S.C. § 1452 . . . ."); *see also In re Rife*, 343 B.R. 552 (Bkrtcy. W.D. Va. 2006); *In re Donoho*, 402 B.R. 687 (Bkrtcy. E.D. Va. 2009); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322 (S.D. W.Va. 2000). Pursuant to 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. § 1452(a). Furthermore, "Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure sets forth the applicable time for removing a civil action pending in state court to bankruptcy court." *In re Rife*, 343 B.R. at 557. Rule 9027(a)(3) provides as follows:

> If a claim or cause of action is asserted in another court after the commencement of a case under the [Bankruptcy] Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of *the initial pleading setting forth the claim or cause of action sought to be removed*, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3) (emphasis added).

Defendant's removal was timely because its notice of removal was filed within 30 days of receipt of Plaintiffs' Bill of Particulars, the initial pleading that contained Plaintiffs' claim for breach of the service contract, *i.e.*, the "claim or cause of action" that Defendant sought to remove. Plaintiffs argue that the notice of removal was untimely because it was not filed within 30 days of receipt of *other papers* filed and served in the state court (in addition to *other papers* filed and served in a companion action consolidated with this case in state court). Plaintiffs' argument is misguided. Unlike 28 U.S.C. § 1446, which does not apply here, 28 U.S.C. § 1452(a) and Rule 9027 allow for the removal of an individual claim or cause of action cause of action within 30 days after service of "the initial pleading setting forth the claim or cause of action . . . ." Rule 9027(a)(3).

It is clear from the papers annexed to Plaintiffs' motion and the state court record that the first pleading setting forth Plaintiffs' claim for breach of the service contract was Plaintiffs' Bill of Particulars served on Defendant on September 19, 2012. Although Plaintiffs served Defendant with a Warrant in Debt on or about July 27, 2012, no cause of action for the breach of a service contract was set forth therein.[4] Indeed, aside from the three words "Breach of Warranty," the Warrant in Debt provided no further information regarding Plaintiffs' claim against Defendant.[5] Accordingly, Defendant's notice of removal was timely filed.

## B. Jurisdiction

Plaintiffs challenge this court's jurisdiction and request that I remand the matter to the

---

[4] I note the distinction between claims for breach of warranty and claims for breach of a service contract. *See, e.g., Clark v. Chrysler Group*, LLC, Civil Action No. 2:10-cv-03030, 2010 WL 4486927 *7-8 (E.D. Pa. Nov. 5, 2010) (the Sale Order "encompasses consumer claims for breach of *warranty*," but "it is not clear that" it "encompasses consumer claims for breach of a *service* contract . . . .").

[5] As a practical matter, it would have been impossible for Defendant to remove Plaintiffs' claim for breach of a service contract prior to Plaintiffs actually setting forth the claim.

state court.

Regarding vehicles assembled and warranted by the Debtors, Defendant has defended itself in numerous lawsuits asserting that Defendant assumed various liabilities. Defendant has removed these cases to the appropriate federal court pursuant to 28 U.S.C. § 1452 based upon federal jurisdiction under 28 U.S.C. § 1334 and then the matters have been transferred to the Bankruptcy Court for an interpretation of that Court's Sale Order.[6] Once the cases have been transferred, the Bankruptcy Court has found it proper to exercise jurisdiction over these matters as they are "core proceedings" ancillary to the Sale Order, and it has repeatedly demonstrated its intention to continue to interpret and enforce the provisions of the Sale Order. *See, e.g., In re Old Carco LLC, supra*, 492 B.R. 392 (cause of action removed from state to federal court and transferred to Bankruptcy Court for determination of effects of sales order on vehicle purchasers' claims, discussing similar cases).[7]

---

[6] *See, e.g., Perno v. Chrysler Group LLC*, Civil Action No. 2:10-cv-05100, 2011 WL 868899 *5 n. 3 (D. N.J. Mar. 10, 2011) (holding that all three grounds for jurisdiction under 28 U.S.C. § 1334(b) were met in action asserted against Chrysler Group based upon vehicle manufactured by the Debtors); *Tulacro v. Chrysler Group LLC*, Civil Action No. 8:10-cv-01956 (C.D. Cal. Feb. 2, 2011) (denying motion to remand and holding that action asserted against Chrysler Group based upon vehicle manufactured by Debtors was a proceeding "arising in" *In re Old Carco LLC (f/k/a Chrysler LLC)* because such claims "clearly do not exist independently from the bankruptcy case"); *Shatzki v. Abrams*, Civil Action No. 1:09-cv-02046, 2010 WL 148183 *3 (E.D. Cal. Jan. 12, 2010); *Wolff v. Chrysler Grp.*, Civil Action No. 5:10-cv-34 (C.D. Cal. Feb. 22, 2010); *Carpenter v.. Chrysler LLC*, Civil Action No. 5:10-cv-289 (W.D. Okla. May 17, 2010) (denying motion to remand and holding that "[t]he relevant factors to be considered in determining whether transfer is in the interest of justice . . . favor transfer"); *Huynh v. Chrysler Group LLC*, Civil Action No. 8:10-cv-00285 (C.D. Cal. May 7, 2010 (finding that the case was "a proceeding under title 11" and transferring action against Chrysler Group in the interest of justice); *Clark v. Chrysler Grp. LLC*, Civil Action No. 10-cv-03030, 2010 WL 4486927 *3 (E.D. Pa. Nov. 5, 2010) (denying motion to remand and ordering transfer, because the issue of whether Chrysler Group assumed liability for the plaintiff's claims was a "threshold issue" to be first determined by the Bankruptcy Court and transfer promoted the interest of justice); *Cooper v. Daimler AG*, Civil Action No. 1:09-cv-2507, 2009 WL 4730306 *4 (N.D. Ga. Dec. 3, 2009); *Monk v. Daimler AG*, Civil Action No. 1:09-cv-2511, 2009 WL 4730314 *5 (N.D. Ga. Dec. 3, 2009).

[7] *In re Old Carco LLC*, 492 B.R. 392 (Bkrtcy. S.D. N.Y. 2013), discusses the following opinions of the Bankruptcy Court, all of which were submitted as exhibits in support of Defendant's motion to transfer and are
(continued...)

Accordingly, I find that this case arises in the bankruptcy case of *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (Bkrtcy. S.D. N.Y.) and is a "core proceeding" ancillary to the Sale Order entered in the bankruptcy case. Therefore, this court has original jurisdiction under 28 U.S.C. § 1334, and removal was proper under 28 U.S.C. § 1452.

The greater part of Plaintiffs' motion argues that this court lacks "federal question jurisdiction," an alternative and additional basis for removal set forth in Defendant's notice of removal, but Plaintiffs fail to address the basis for removal under 28 U.S.C. § 1334(b), upon which Defendant removed the matter to this court: that this court has jurisdiction in this matter under 28 U.S.C. § 1334 because it arises in the *In re Old Carco LLC* bankruptcy proceeding. It practically goes without saying that "arising in" jurisdiction under 28 U.S.C. § 1334(b) exists where a matter "'would have no practical existence *but for* the bankruptcy.'" *Grausz v. Englander*, 321 F.3d 467, 472 (4th Cir. 2003) (quoting *A.H. Robins Co. v. Dalkon Shield Claimants Trust*, 86 F.3d 364, 372 (4th Cir. 1996)). As I previously pointed out, Defendant did not exist when Plaintiffs bought the automobile and the service contract, and as Plaintiffs recognized in their Bill of Particulars, any viable claim by Plaintiffs against Defendant must refer to and rely upon the Sale Order entered by the Bankruptcy Court in *In re Old Carco LLC* and the underlying Master Transaction Agreement ("MTA") approved therein. It is undisputed that Chrysler Group is not the manufacturer, seller, or warrantor of Plaintiffs' vehicle and is not a party to the service contract upon which Plaintiffs' claim is based. Therefore, Plaintiffs' claim

---

[7](...continued)
discussed in that motion and in Defendant's response in opposition to Plaintiff's motion: *Wolff v. Chrysler Group LLC (Old Carco LLC)*, Adv. Proc. No. 10–05007 (Bkrtcy. S.D. N.Y. July 30, 2010); *Tulacro v. Chrysler Group LLC*, Adv. No.: 11-09401 (Bkrtcy. S.D. N.Y. October 28, 2011); *Tatum v. Chrysler Group LLC*, Adv. Proc. No.: 11-09411 (Bkrtcy. S.D. N.Y. February 15, 2012).

against Chrysler Group survives only if Chrysler Group assumed liability for such claim under the Sale Order and MTA. In short, Plaintiffs' claims against Chrysler Group would not exist "but for" the Sale Order entered in *In re Old Carco LLC* and thus, the instant matter "arises in" the bankruptcy case and jurisdiction is proper under 28 U.S.C. § 1334(b).

## C. Abstention

Plaintiffs argue that this matter does not fall within "arising under" or "arise in" jurisdiction under 28 U.S.C. § 1334(b), and that this court is therefore required to abstain from hearing the matter under 28 U.S.C. § 1334(c)(2).

Section 1334(c)(2) provides that mandatory abstention may be required for proceedings "related to a case under title 11 but not arising under title 11 or arising in a case under title 11." A court

> *must* abstain when *all* of the following factors are present:
>
> > (1) A party to the proceeding must file a timely motion to abstain; (2) The proceeding is based on a state law claim; (3) The proceeding is a "non-core, but related to" proceeding; (4) There is no basis for federal court jurisdiction other than Section 1334; (5) An action is commenced in state court; and (6) The state court action can be timely adjudicated.

*In re Landamerica Financial Group*, 2011 WL 203986 (Bkrtcy. E.D. Va. Jan. 21, 2011) (quoting *Seven Springs, Inc. v. Abramson (In re Seven Springs, Inc.)*, 148 B.R. 815, 817 (Bkrtcy. E.D. Va.1992)) (emphasis added). "If the Court determines that any element of the test is not present, the Court must find that mandatory abstention would be improper." *Id*. (quoting *In re First Va. Reinsurance, Ltd.*, 339 B.R. 366, 373 (Bkrtcy. E.D. Va. 2004).

Here, the requisite factors for mandatory remand have not all been met. As explained above, this matter necessarily "arises in" the bankruptcy case of *In re Old Carco LLC*.

Additionally, the Bankruptcy Court itself has already determined that matters such as this one, asserting claims against Chrysler Group based on a vehicle manufactured by the Debtors, are "core proceedings" under 28 U.S.C. § 157 because such matters are "ancillary to the Sale Order" entered by the Bankruptcy Court in *In re Old Carco LLC*. *See, e.g., In re Old Carco LLC, supra*, 492 B.R. 392.[8] Mandatory abstention under 28 U.S.C. §1334(c)(2) would be improper.[9]

---

[8] *See also* n. 6 and n. 7, *supra*. Under 28 U.S.C. § 157(b)(2)(N), core proceedings include those matters involving "orders approving the sale of property." 28 U.S.C. § 157(b)(2)(N). It is thus well-settled that where resolution of a controversy turns on an interpretation or enforcement of a Bankruptcy Court's Sale Order, the case is a "core proceeding." *See In re Allegheny Health, Education and Research Foundation*, 383 F.3d 169, 175-176 (3rd Cir. 2004) (holding that "the bankruptcy court correctly determined that the suit was a core proceeding because it required the court the interpret and give effect to its previous sale orders") (citing *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 267 (3rd Cir. 1991) (motion to enforce bankruptcy sale order is core proceeding)); *see also In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006); *In re Petrie Retail, Inc.*, 304 F.3d 223, 229-30 (2nd Cir. 2002) (upholding the finding that a dispute involving assignment of liabilities under a sale order was core proceeding because it "was based on rights established in the Sale Order" and "was uniquely affected by and inextricably linked to the Bankruptcy Court's Sale Order" (citation omitted)).

[9] Furthermore, the factors to be considered for permissive abstention under 28 U.S.C. § 1334(c)(1) favor retaining jurisdiction and transferring this matter to the Bankruptcy Court. The factors to be considered are:

> (1) the court's duty to resolve matters properly before it; (2) the predominance of state law issues and non-debtor parties; (3) the economical use of judicial resources; (4) the effect of remand on the administration of the bankruptcy estate; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) whether the case involves questions of state law better addressed by the state court; (7) comity considerations; (8) any prejudice to the involuntarily removed parties; (9) forum non conveniens; (10) the possibility of inconsistent results; (11) any expertise of the court where the action originated; and (12) the existence of a right to a jury trial.

*In re Ahern*, 318 B.R. 638, 644 (Bkrtcy. E.D. Va. 2003) (citations omitted).
    Here, the factors to be considered for permissive abstention weigh against abstention. As previously observed, the Bankruptcy Court expressly retained jurisdiction to interpret and enforce the provisions of its Sale Order and has been actively and repeatedly exercising such jurisdiction. The Bankruptcy Court has special expertise in interpreting its own Sale Order. Remanding the matter to the state court risks a determination of liability inconsistent with the holdings of the Bankruptcy Court and would divest the Bankruptcy Court of its retained jurisdiction to enforce and interpret the provisions of the Sale Order. The determination of the threshold issue of liability in this matter invokes the express provisions of the Sale Order and MTA, not issues of Virginia law, and thus, the Bankruptcy Court, as opposed to the state court, is in a better position to make that initial determination. Finally, as set forth in Defendant's motion to transfer this matter to the Bankruptcy Court, Defendant does not seek to litigate this matter on the merits in the Bankruptcy Court; instead, Defendant simply seeks a determination by the Bankruptcy Court on the issue of whether Defendant assumed liability for

(continued...)

### III. Defendant's Motion

In addressing Plaintiffs' motion, I have already discussed the reasons Defendant's motion should be transferred to the Bankruptcy Court. The outcome of this case is dependent on the Bankruptcy Court's interpretation of the Sale Order it entered in *In re Old Carco*, Case No. 09-50002 (Bkrtcy. S.D. N.Y. June 1, 2009). Indeed, as I have already observed, the Bill of Particulars Plaintiffs filed in state court alleges that Defendant assumed liability from the Debtors for Plaintiffs' claim for breach of a service contract issues by the Debtors. And, as I have already discussed, the Bankruptcy Court's actions demonstrate that it intends to continue to interpret and enforce the Sale Order. Therefore, I will grant Defendant's motion to transfer this case to the Bankruptcy Court.

### IV. Conclusion

For the stated reasons, I will deny Plaintiffs' "motion to remand action to Lynchburg General District Court and abstain from these proceedings," and I will grant Defendant's motion to transfer the matter to the United States Bankruptcy Court for the Southern District of New York. An appropriate order accompanies this memorandum opinion.

**ENTERED** this  20th  day of September, 2013.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[9](...continued)
the claim asserted by Plaintiffs herein.